**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

Southern Division

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 FEB 25  A 8: 35

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

|  |  |
|---|---|
| **ARNAUD M. BA,** | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * **Case No.: GJH-16-85** |
| | * |
| **FATONMATA BA**, *et al.,* | * |
| **Defendants.** | * |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Self-represented plaintiff Arnaud Ba, a resident of Maryland, filed suit against Fatoumata Ba of Maryland and Eric Chavous of Washington D.C. ECF No. 1. In his financial affidavit, Ba demonstrates that he is indigent and his Motion to Proceed in Forma Pauperis, ECF 2, will therefore be granted.

Ba claims Defendants subject him to abuse and mind control. *Id.* Specifically, he claims:

> The following people have been, Manipulating, using constant criticism [sic] tactics to intimidate, movements and threats. I am been alienated and zombie like. Harass at home, public places and at work. The Harassments in public place, at work and at home are connected. I am also been targeted in places. The mental abuse has led me to psychological trauma. Including harassment, embarrassment, sexual abuse, employment discrimination, police brutality, bullying, and domestic violence. [sic].

*Id*. at 4. Ba does not particularize the relief he is seeking; rather, he states that his Complaint was filed to serve justice. *Id.*

As a preliminary matter, Ba does not indicate on what grounds this Court has jurisdiction over this matter. The jurisdiction of the federal courts is limited. A federal district court typically exercises jurisdiction when a "federal question" is presented or the parties are of diverse

citizenship and the amount in controversy exceeds $75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. §§ 1331 & 1332. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). This means the burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

Ba's allegations of harassment, embarrassment, sexual abuse, employment discrimination, police brutality, bullying, and domestic violence are summary and vague. Ba does not explain his relationship to Defendants or how their actions violated a federal law or a provision of the United States Constitution. As such, no grounds for federal question jurisdiction are presented.

Neither does Ba satisfy the requirements of diversity jurisdiction. Diversity jurisdiction requires complete diversity of the parties. 28 U.S.C. §1332(a). This means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005). Here, Ba and Defendant Fatoumata Ba are shown as Maryland residents, and the amount in controversy is unstated. Under these circumstances, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.

In the absence of a basis for this Court to assert jurisdiction over this case, the Complaint will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). A separate Order follows.

2/25/2016
Date

GEORGE JARROD HAZEL
UNITED STATES DISTRICT JUDGE